UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08035-RGK-SSC | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Tianjin River West Real Estate Development Co., Ltd. v. Cole Matthew Harris et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding the Matter to State Court

## I. INTRODUCTION

On August 1, 2023, Tianjin River West Real Estate Development Co., Ltd. ("Plaintiff") filed a Complaint against Cole Matthew Harris and Ying Chen (collectively, "Defendants") in Los Angeles County Superior Court, asserting various claims for fraud, breach of fiduciary duty, civil conspiracy, and unjust enrichment. On September 26, 2023, Defendants removed the matter to this Court on the basis of federal question jurisdiction. Upon review of Defendants' Notice of Removal, the Court hereby **REMANDS** the matter for lack of subject matter jurisdiction.

## II. FACTUAL BACKGROUND

The following facts are alleged in the Complaint:

Defendants are the founders of Tianjin Jialei Real Estate Development Co., Ltd. ("Jialei"), a Chinese company. Defendants served as officers of Jialei and controlled Jialei. Around 2006, Defendants convinced Plaintiff to enter a joint business venture whereby Plaintiff and Jialei took out a loan for which they would be jointly responsible for repayment. In 2016, Jialei stopped making its loan payments, leaving Plaintiff solely responsible for the remaining payments. Plaintiff filed suit in China and received multiple judgments against Jialei but was unable to collect because Defendants had stolen Jialei's assets, having transferred them to their personal accounts over the course of several years.

Plaintiff later learned that Defendants have a history of fraud, siphoning money from their businesses to fund their extravagant lifestyle. For instance, Defendants were recently indicted for fraudulently obtaining millions in PPP loans from the federal government. Further, Defendants were recently sued in state court for fraudulently taking title to and selling real property without the true owner's knowledge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08035-RGK-SSC | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Tianjin River West Real Estate Development Co., Ltd. v. Cole Matthew Harris et al* | | |

### III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction to hear the case in the first instance. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States"—or in other words, an action involving a federal question. 28 U.S.C. § 1331. When determining whether federal question jurisdiction exists, courts apply the "well-pleaded complaint rule," which states that "federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Cal. Ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A defense that invokes or relies on federal law does not suffice for federal question jurisdiction because "[a] defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

### IV. DISCUSSION

Plaintiff asserts claims for fraud, breach of fiduciary duty, conspiracy, and unjust enrichment against Defendants for inducing Plaintiff to enter the joint business venture with Jialei, only for Defendants to abscond with Jialei's funds. Defendants argue that these claims raise a federal question because they: (1) rely on the validity of judgments and court orders issued by the Chinese judiciary, and therefore implicate the "state action" doctrine; and (2) rely on allegations that tend to show violations of federal law for wire fraud and money laundering given that Defendants are alleged to have stolen money internationally. Neither argument holds merit. The Court addresses each argument in turn.

#### A. The State Action Doctrine

Defendant first argues that the Court has jurisdiction because Plaintiff's claims would require the Court to evaluate the validity of the Chinese judiciary's orders, thereby implicating the state action doctrine. The Court disagrees.

The state action doctrine bars courts from evaluating the validity of actions taken by a foreign government within its own borders. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1088 (9th Cir. 2009) (citing *W.S. Kirkpatrick & Co., Inc. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400, 409 (1990)). It is a creature of the rarely invoked federal common law, and as such, may be the basis for federal question jurisdiction when applicable. *See id.* at 1088–89. However, the state action doctrine applies "only when a court *must decide*—that is, when the outcome of the case turns upon—the effect of official action by a foreign sovereign. When that question is not in the case, neither is the act of state doctrine." *W.S. Kirkpatrick*, 493 U.S. at 409 (emphasis in original).

Here, the state action doctrine does not apply. None of Plaintiff's claims are premised on or otherwise depend upon the validity or effect of the Chinese judiciary's orders. It does not appear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-08035-RGK-SSC | Date | October 3, 2023 |
|---|---|---|---|
| Title | *Tianjin River West Real Estate Development Co., Ltd. v. Cole Matthew Harris et al* | | |

Defendants were parties to the Chinese litigation. Nor does it appear that Plaintiff seeks to otherwise enforce the Chinese judiciary's orders or otherwise rely on findings by the Chinese judiciary in order to prove up its current claims. Thus, whether the orders are valid is irrelevant. Accordingly, this argument fails.

  **B.** **Violations of Federal Law**

Defendant alternatively argues that the Court has jurisdiction because Plaintiff's allegations tend to show violations of federal law. The Court also disagrees.

A federal question may only arise when it "is presented on the face of the plaintiff's properly pleaded complaint." *Cal. Ex rel. Lockyer*, 375 F.3d at 838. A plaintiff need not explicitly refer to a federal statute to present a federal question. Even without an explicit reference to federal law, a complaint may still raise a federal question if the application or resolution of a federal law is a necessary element of a claim. *See Easton v. Crossland Mortg. Corp.*, 114 F.3d 979 (9th Cir. 1997) (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("A plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim.") (citing *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996)). "Conversely, the mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Id.* (citing *Rains*, 80 F.3d at 345–47).

Here, the purported allegations related to violations of federal law do not raise a federal question. Plaintiff does not refer to any federal statute or assert a claim under federal law. While some of the allegations related to fraud would arguably support violations of federal law, these violations are not necessary elements of Plaintiff's claims. Nor does Defendant cite to any authority suggesting that these violations would preempt Plaintiff's state law claims. The mere fact that Plaintiff could have, but chose not to, pursue a federal claim based on the same underlying conduct does not create a federal question. Accordingly, this argument also fails.

Because neither of Defendant's proffered reasons support federal question jurisdiction, the Court **REMANDS** this matter to the state court for further proceedings.

**V.** **CONCLUSION**

For the foregoing reasons, the Court **REMANDS** the matter to the state court in its entirety.

  **IT IS SO ORDERED.**

cc: Superior Court of the State County of Los Angeles, 23STCV18046

JRE/sf